IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Criminal Case No.   18-CR-389-RBJ

UNITED STATES OF AMERICA,

    Plaintiff(s),

v.

5.  SARA SANCHEZ

    Defendant(s)

---

## DEFENDANT'S SENTENCING STATEMENT

---

Sara Sanchez, through CJA counsel, David R. Jones, submits her sentencing statement in preparation for the Sentencing Hearing scheduled for April 25, 2019 at 8:30 am.

### I. Procedure for Determining the Sentence

Trial courts are required to impose a sentence that is reasonable. *Gall v. United States*, 552 U.S. 38, 128 S. Ct. 586 (2007); *United States v. Smart*, 518 F.3d 800, 808 (10th Cir. 2008) ("Since the Supreme Court's decision in *Booker*, which relegated the Sentencing Guidelines to an advisory status, district courts have been free to apply any sentence that is "reasonable" under the sentencing factors listed at 18 U.S.C. 3553(a)"). In *Gall*, the Court set out the proper sentencing procedure: (1) determine the correct guideline range; (2) allow the parties to argue for an appropriate sentence; (3) consider the factors in a 18 U.S.C. §3553(a) to determine if they support the requested sentence;

and (4) if a sentence outside of the Guidelines is warranted, consider the extent of the deviation and ensure sufficient justification for the degree of deviation. *Id.* at 49-50. All sentences imposed by the trial court, whether inside or outside the Guidelines, are reviewed under an abuse of discretion standard. *Id*. at 41; *Smart*, 518 F.3d at 806.

## II. Calculation of the Guideline Range

The United States Sentencing Guidelines calculate a base offense level of 6 for a violation of 20 U.S.C. § 1097(a). USSG §2B1.1(a)(2). Due to the stipulated amount of loss, $27,921.03, which falls between $15,000 and $40,000, there is a 4-level increase bringing the adjusted offense level to 10. Doc 125 ¶ 33-38. Due to Ms. Sanchez's acceptance of responsibility, her total offense level is subject to a 2-point decrease, bringing her total offense level to 8. Doc 125 ¶ 40-41. Ms. Sanchez has no prior juvenile or adult criminal history resulting in a criminal history score of 0. Ms. Sanchez's criminal history score of 0 established a criminal history category of 1. Doc 125 ¶ 42-45.

## III.  Request for Leniency

The overarching provision of 18 U.S.C. § 3553 requires that the court impose a sentence that is sufficient but not greater than necessary to achieve the sentencing goals set forth in 18 U.S.C. § 3553(a)(2). Ms. Sanchez recognizes that she pled guilty to Student Loan Fraud, in violation of 20 U.S.C. § 1097(a) which carries a statutory penalty of a maximum term of 5 years of imprisonment. Ms. Sanchez acknowledges the terms of her plea agreement in which the government agrees to not request a term of imprisonment,

recommend the Court waive interest on the restitution judgment, and recommend full credit for acceptance of responsibility under §3E1.1(a). Additionally, as part of the plea agreement, Ms. Sanchez agrees to a limited appellate waiver and to pay restitution in the amount of $27,921.03. *See:* Doc 125 ¶ 2-3. Given Ms. Sanchez's criminal history score and criminal history category, she falls within the sentencing guideline range of zero to six months of imprisonment; however, given the sentencing guideline, range falls within Zone A of the Sentencing Table, imprisonment is not required. Doc 125 ¶ 79. Ms. Sanchez's offense and criminal history makes her eligible for a probation sentence of not less than one nor more than five years of probation. Ms. Sanchez has accepted full responsibility for the commission of her offense and is truly sorry for her behavior. In consideration of the sentencing purposes set forth in 18 U.S.C. § 3553, Ms. Sanchez is asking the Court for leniency in sentencing.

### A. The Nature and Circumstances of the Offense

Ms. Sanchez understands that her offense is serious and harmed not only the government but also the public. To her credit, Ms. Sanchez never applied for funding using someone else's name, and at some point genuinely attempted to attend and succeed in school.

In sum, Ms. Sanchez was not complicit and did not participate in any large scheme with others to defraud the government. She applied for loans in her name and paid for classes she signed up for and attended to some degree. She understood the remaining balance on her student loan debit card could be used for other things she needed and did

not understand that she could only spend the excess on educational costs and expenses. Ms. Sanchez used the money that was not spent on tuition and books to provide experiences and material benefits for herself and for her children. She regrets the decisions that she made in this case and realizes now that her spending was in technical violation of student loan agreements.  It is probably and likely that countless students use extra student loan money sometimes for non-educational purposes.  Had Ms. Sanchez not been in close proximation to other persons who were actively engaged in a larger student loan fraud scheme, her overspending conduct would have likely never been scrutinized or charged by the government.  This is not to say what Ms. Sanchez did was right, but her conduct was no more wrong than the conduct of many other students.

### B.     Ms. Sanchez's History and Characteristics

Ms. Sanchez is only 35 years old. She grew up with two parents in the Denver Metropolitan Area. Although her parents were never married, they were a constant presence in her life and were together until she was 8 years old. Ms. Sanchez is the oldest of four children. She had good relationships with both parents and all of her siblings growing up. She was closest to her grandmother, who raised her as a child, and still speaks to her daily. Although, Ms. Sanchez did not have an extremely close relationship with her father growing up, she had a good childhood complete with summer camps and family vacations. Today, Ms. Sanchez is still very close to her sister and one of her brothers.  Doc 125 ¶ 48-57.

Ms. Sanchez is married to co-defendant, Jeramyah Gonzales. They have been together for 10 years, married for 1, and share one child together, 8-year-old Izeyah. Ms. Sanchez also has an older son, 14-year-old Dominic. Ms. Sanchez prides herself with being a good mom, responsible parent, and prioritizing her family. Ms. Sanchez, her husband, and two sons have lived together in an apartment in Thornton, Colorado since 2016.

Ms. Sanchez has always been a hard worker. She graduated from Colorado State High School in Denver. She attended some college courses at Community College of Denver and Front Range Community College, but ultimately dropped out. Ms. Sanchez currently works 2 jobs, full-time at an Amazon distribution warehouse and part-time as a Walmart cashier.  Ms. Sanchez wants more than anything to provide a good life for her children so that they don't make the same mistakes that she did.

### C. The Need for the Sentence Imposed to Reflect the Seriousness of the Offense, Promote Respect for the Law, and to Provide Just Punishment for the Offense.

Ms. Sanchez accepts full responsibility for her conduct and acknowledges the harms she caused to others and to the government by fraudulently accepting and using student loan funds. She acknowledges that her own selfishness might have hindered others from seeking advancement through federally funded higher education. It will not take even a day in jail for her to realize this impact, and it wouldn't take even a day in jail

for her to be more deterred from this behavior than she already is. Ms. Sanchez has agreed to pay back the funds that she did not use for educational purposes. At the time she was indicted in this matter she was already having payments automatically withdrawn by the school to pay back the over-payments. Given her remaining financial obligation to pay restitution, Ms. Sanchez requests this Court not to impose any other fines or costs where possible and sentence her to 1 year of probation, the minimum probation sentence allowed by statute.

Respectfully submitted this 11th day of April 2019.

BY: */s/ David R. Jones*
David R. Jones, #27352
DECKER & JONES
226 West Twelfth Avenue
Denver, CO  80204
Telephone: 303-573-5253
Email: drjones@DeckerJonesLaw.com
Attorney for Defendant Sara Sanchez

**CERTIFICATE OF SERVICE**

I hereby certify that on this 11th day of April 2019, I filed the foregoing with the Clerk of the Court using the CM/ECT system, which will send notification of such filing to all counsel of record.

*s/ David R. Jones*
David R. Jones